**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ERIC VOGT,
Plaintiff

Case No. 1:11-cv-557
Beckwith, J.

vs

OHIO STATE MEDICAID SPEND DOWN PROGRAM,
Defendant

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Winchester, Ohio, brings this action against the Ohio State Medicaid Spend Down Program. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The

Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff's pro se complaint alleges that he is a disabled veteran who receives Veterans Disability Benefits. Plaintiff alleges that his spouse is also disabled. He applied for medical benefits under the Ohio Medicaid Spend Down Program on behalf of his wife in September 2010. He alleges that it took seven months for his wife to finally be approved for Medicaid Spend Down benefits. He alleges that the Ohio Administrative Code requires claims for Medicaid be settled within 90 days. He also alleges that he was required to obtain and pay for numerous tests and reports to verify his wife's disability, causing his family a financial hardship. Plaintiff objects to the out-of-pocket fees he incurred to obtain the verifications and the amount of his monthly spend-down premium as a financial burden. He alleges that he was unable to obtain medication and treatment for his wife during this seven month period because his disability income had to be used to pay doctors to fill out Medicaid forms. Plaintiff alleges the foregoing actions violate his rights under "Article 25 under The Constitution of the United States of America of The Universal Declaration of Human Rights." Plaintiff also asserts that "[t]he State of Ohio does not recognize disabled Veterans as being disabled. This is discrimination against disabled Vets and their families." (Complaint at 4). He further alleges that the State of Ohio has been violating federal law by using the full disability monthly payments of veterans against their dependents in counting income for social and medical programs. Plaintiff does not specify with particularity the relief he is seeking.

For the reasons that follow, plaintiff's complaint should be dismissed.

First, the Ohio State Medicaid Spend Down Program is not *sui juris*, *i.e.*, a legal entity capable of being sued. Rather, the Ohio Medicaid program is a public health care program administered by the Ohio Department of Job and Family Services. Therefore, any claims

against this defendant should be dismissed.

Second, to the extent plaintiff alleges a violation of Article 25 of the Universal Declaration of Human Rights, adopted by the United Nations in 1948, his claim lacks merit because the Universal Declaration of Human Rights is a non-binding declaration that provides no private right of action. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) (explaining that Universal Declaration is simply a statement of principles and not a treaty or international agreement that would impose legal obligations). *See also Igartúa-De La Rosa v. United States*, 417 F.3d 145, 150 (1st Cir. 2005) (en banc) ("The Universal Declaration of Human Rights is precatory: that is, it creates aspirational goals but not legal obligations, even as between states.").

Third, to the extent plaintiff may be seeking monetary relief from the State of Ohio for the expenses he incurred in providing medical care to his spouse and verifications for the Medicaid application process, the complaint must be dismissed because the State of Ohio is immune from such relief under the Eleventh Amendment to the United States Constitution. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not appear to apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v.*

*Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976), *cert. denied*, 430 U.S. 946 (1977); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Nor has plaintiff sued a state official seeking prospective relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). Therefore, plaintiff's complaint should be dismissed.

Fourth, plaintiff's allegations that the "State of Ohio does not recognize disabled Veterans as being disabled" and this amounts to "discrimination against disabled Vets and their families" amount to legal conclusions couched as factual allegations that fail to state a plausible claim for relief. *Twombly,* 550 U.S. at 555. The legal conclusions set forth in the complaint need not be accepted as true, and plaintiff must set forth some factual basis for his equal protection claim. *Id*. He has failed to do so in this case.

Moreover, plaintiff's allegations are insufficient to state an actionable claim under 42 U.S.C. § 1983 to the extent he may be claiming he was deprived of his Veterans benefits without due process of law. In order to assert such a claim, he must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir.

1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law are inadequate to redress his due process claim. Therefore, he has failed to state a plausible procedural due process violation.

Because plaintiff's federal law claims should be dismissed, the Court has no original federal jurisdiction over the complaint and should decline to exercise supplemental jurisdiction over any pendent state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, plaintiff's state law claims should be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's federal law claims be dismissed with prejudice.

2. The Court decline to exercise pendent jurisdiction over plaintiff's state law claims and dismiss the state law claims without prejudice to refiling in state court.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/29/2011

s/Karen L. Litkovitz
Karen L. Litkovitz, Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ERIC VOGT,
Plaintiff

Case No. 1:11-cv-557
Beckwith, J.

vs

OHIO STATE MEDICAID SPEND DOWN PROGRAM,
Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).